IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE SANDERS, | |
| Plaintiff, | Case No. 23 C 14902 |
| v. | Honorable Sunil R. Harjani |
| E.A. SWEEN COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

In this lawsuit, George Sanders brings this action against E.A. Sween Company alleging violations of Illinois Biometric Information Privacy Act (BIPA). Having considered the allegations of the Complaint, the Court finds that Defendant's motion [10] must be granted.

**Discussion**

This claim was originally filed in state court. Defendant removed the case based on diversity jurisdiction and now moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion tests whether the Court has subject-matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The plaintiff bears the burden of establishing subject matter jurisdiction, *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014), and the Court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "Where, as here, plaintiff's complaint is facially sufficient but external facts call the court's jurisdiction into question, we 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)).

From February 27, 2022 through April 19, 2022, Plaintiff was a truck driver and delivery person at Defendant's Facility in Woodridge, Illinois. Compl. [1-1] ¶¶ 22, 24. There was a union for truck drivers at the Woodridge facility, which had a collective bargaining agreement (CBA) with Defendant. Plaintiff was never a member of the union as his entire employment with Defendant was within the 90-day training period before drivers join the union. Plaintiff alleges that as part of his employment he was required to scan his biometric identifiers and/or biometric information to clock-in and clock-out of work. *Id.* ¶ 25. His biometric data was collected, captured, and stored without Defendant providing Plaintiff with written disclosures describing the purpose

and duration of such use or obtaining his consent. *Id.* ¶¶ 26–28. Plaintiff claims this was a violation of BIPA.

BIPA prohibits private entities from collecting or capturing a person's biometric identifier or biometric information without first providing written notice that the information is being collected and of the specific purpose and length of the term for the collection, storage, and use of the data. 740 ILCS 14/15(b). The entity must then receive a written release from the subject or the subject's legally authorized representative. *Id.*

Defendant's motion does not contest the merits of Plaintiff's BIPA claim. Instead, Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because it is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Section 301 preempts a state law claim if resolution of the claim "requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 413 (1988). The preemption encompasses "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation omitted).

The Seventh Circuit has held that federal law preempts BIPA claims brought by union-represented employees against their employers if the union consented to the collection and use of the data. *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 904 (7th Cir. 2019) (holding that BIPA claims are preempted by the Railway Labor Act); *Fernandez v. Kerry, Inc.*, 14 F.4th 644, 646 (7th Cir. 2021) (applying *Miller* to hold BIPA claims are preempted by Section 301 of the Labor Management Relations Act). Under BIPA, "a worker or *an authorized agent* may receive necessary notices and consent to the collection of biometric information." *Miller*, 926 F.3d at 903 (citing 740 ILCS 14/15(b)) (emphasis in original). In *Miller*, the Seventh Circuit rejected the argument that a union is not a legally authorized representative for this purpose. *Id.* Instead, when an employer asserts that the union consented to the use of biometric data through a management-rights clause, the question of whether the union consented to the collection or use and the scope of the grant of authority through the management-rights clause are questions for arbitration. *Fernandez*, 14 F.4th at 645–46. Here, Defendant contends that the CBA contains a broad management rights clause which encompasses BIPA claims. Plaintiff does not contest either the legal standard for Labor Management Relations Act preemption or Defendant's interpretation of the CBA's management rights clause.

The only issue in dispute then is whether Plaintiff is covered by the CBA. If Plaintiff is subject to the CBA, then the BIPA claim is preempted, and the case must be dismissed. If Plaintiff is not subject to the CBA, then the BIPA claim is not preempted.

To advance its position, Defendant argues that the Labor Management Relations Act preempts all claims covered by the CBA from members of the bargaining unit and that Plaintiff as a probationary employee was part of the bargaining unit. Defendant contends that the National Labor Relations Board certified the bargaining unit as "all full time and regular part time drivers

employed by" Defendant, which covers delivery drivers during their training period even though they are not members of the union. Plaintiff responds that the CBA only covers members of the union and that he was never a member of the union.

The Seventh Circuit has not directly addressed whether employees who are not in the union, but work jobs covered by a collective bargaining agreement, are part of the bargaining unit and subject to the collective bargaining agreement. The appellate court has, however, addressed the scope of union authority in the context of fair representation challenges. In *Baker v. Amsted Indus., Inc.*, the plaintiffs were all union members who filed a claim against their union for breach of its duty of fair representation in failing to pursue an arbitration with their employer regarding pension fund obligations. 656 F.2d 1245, 1247 (7th Cir. 1981). The Seventh Circuit held that Section 9(a) of the National Labor Relations Act declares that if the majority of employees in a unit select representation, all the employees in the unit are bound by the choice of the majority. *Id.* at 1248. Thus the "terms and conditions of employment can be arranged only by the majority representative, and the rules written into the collective bargaining agreement become the law of the plant for all employees." *Id.* at 1249. Although this case related to a union's duty of fair representation, it established that all employees in the bargaining unit are bound by the agreements of the union, even if they would prefer not to be.

Although the Seventh Circuit has not directly addressed whether non-union employees working jobs covered by the union contract are subject to Labor Management Relations Act preemption, both the First and Tenth Circuits have held that non-membership does not remove a plaintiff from the bargaining unit. In *Saunders v. Amoco Pipeline Co.*, the plaintiff argued that Section 301 did not preempt his state law claims because interpreting the collective bargaining agreement was unnecessary as he was not a member of the union. 927 F.2d 1154, 1156 (10th Cir. 1991). The Tenth Circuit held that union membership was irrelevant to the applicability of a collective bargaining agreement, which instead depended on whether an individual was employed in a craft governed by the agreement. *Id.* The court held that if the plaintiff is employed in a covered craft, then he is bound by the terms of the agreement regardless of union membership.

Similarly, the plaintiff in *Quesnel v. Prudential Ins. Co.* argued that he was not a member of the union and therefore not party to the collective bargaining agreement, so his state law claims were not preempted. 66 F.3d 8, 10 (1st Cir. 1995). The First Circuit held that whether an individual is subject to a collective bargaining agreement is a question of law, not fact, and that the plaintiff was subject to its terms. *Id.* at 11. The court found that the agreement was effective on the date the plaintiff became a district agent and by its terms encompassed "all District Agents employed or hereafter to be employed" by the defendant. *Id.* The court further held that a union "is obligated under § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), to represent the interests of all employees in collective bargaining, including nonmembers." *Id.* Therefore, the fact that plaintiff was "not a Union member does not remove him from the bargaining unit for whose benefit the CBA was created." *Id.*

3

The combination of *Baker*, *Saunders* and *Quesnel* is instructive and persuasive. Plaintiff's argument that only union membership matters relies on cases where the court did not address if the plaintiffs, who were not in the union, were nevertheless covered by collective bargaining agreements. For example, in *Darty v. Columbia Rehab. & Nursing Ctr., LLC*, the plaintiff alleged that she was only a nurse at the hospital for a short time and never in the union, but alleged a class action on behalf of individuals who were in the union. 468 F. Supp. 3d 992, 994 (N.D. Ill. 2020). The defendant did not contest plaintiff status as a non-union member but argued the claim was preempted because other members of the proposed class were in the union. *Id.* The court held that since the plaintiff was not in the union and her claim did not require interpreting the CBA, it was not preempted. *Id.* at 995–96. Notably, the court did not address the issue of whether the plaintiff was part of the bargaining unit despite not being in the union. In *Williams v. Jackson Park SLF, LLC*, the plaintiff argued that he was not a union member for the first month of his employment when his biometrics were collected. 2020 WL 5702294, at *4 (N.D. Ill. Sept. 24, 2020). The district court dismissed plaintiff's claim because his proposed class included union members and the plaintiff was a union member for the majority of his employment. *Id.* Contrary to Plaintiff's arguments, these cases do not stand for the proposition that during a training period, a non-union employee is not covered by a collective bargaining agreement when that agreement created the training period.

Turning to the agreement here, the CBA states that it covers all employees of Defendant "who are members of the unit certified by the National Labor Relations Board." Doc. [11-1] at 7. The National Labor Relations Board certified the voting unit as "all full time and regular part time drivers" of Defendant at its Woodridge facility. *Id.* at 47. Further, the CBA only excludes "all office and plant clerical, all warehouse and supervisory employees, and all other employees who are not members of the unit of drivers certified by the National Labor Relations Board who work at the Employer's facilities currently located in Woodridge, Illinois." *Id.* at 7. Plaintiff alleges that he was a truck driver and delivery person at Defendant's Woodridge facility. Compl. [1-1] ¶ 24. As Plaintiff was a driver, he is within the bargaining unit certified by the National Labor Relations Board and bound by the CBA. Since Plaintiff is covered by the CBA, his BIPA claim is preempted by the Labor Management Relations Act, and the Court lacks subject matter jurisdiction over this claim.

To the extent an argument exists that there is ambiguity in the CBA as to whether an employee is covered while in the training period and not yet a member of the union, it would require interpreting the CBA. According to the CBA, during the training period, the Defendant can discharge employees without recourse to the grievance or arbitration provisions of the CBA. Doc. [11-1] at 16. Also, employees have no seniority or recall rights and unless otherwise specified in the CBA, employees are not entitled to holiday pay, vacation benefits, leaves of absence, jury duty benefits, or other benefits provided by the CBA. However, a claim "will be preempted if it cannot be adjudicated without interpreting the CBA[.]" *Brown v. Illinois Cent. R.R. Co.*, 254 F.3d 654, 658 (7th Cir. 2001). The question of whether employees in their training period are not covered by the CBA because they are not entitled to certain rights and benefits, is a question of interpreting the CBA, which is also preempted by the Labor Management Relations Act.

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss [10] is granted. Plaintiff's Complaint is dismissed without prejudice.[1]

**SO ORDERED.**

Dated: July 2, 2024

_____
Sunil R. Harjani
United States District Judge

---

[1] *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice[.]").